UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RIVER OAKS, INC. ET AL., | ) | CASE NO.1:05CV1104 |
| Plaintiffs, | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| Vs. | ) ) ) | |
| ROHRBACK COSASCO SYSTEMS, INC., | ) ) ) | **OPINION AND ORDER** |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Rohrback Cosasco Systems, Inc.'s Motion to Dismiss, or in the Alternative, to Stay the Case Pending Arbitration(ECF Dkt.# 10). For the following reasons, the Court finds that there is a valid and enforceable arbitration clause contained in the contract that evidences the parties intent to submit any dispute on the contract to non-binding arbitration. Therefore, the Court Orders the case stayed pending arbitration.

## FACTS

On November 30, 2000, Plaintiffs and Defendant entered into a contract for the purchase of Plaintiffs' patent rights and intellectual property. As part of the purchase contract, Plaintiff Denzine, President of River Oaks, Inc., dba Cortest, entered into a Consulting Agreement with

Defendant. Plaintiff's First Amended Complaint acknowledges, at paragraph four, the Consulting Agreement formed part of the Purchase Agreement. Both agreements were signed on November 30, 2000. The Complaint alleges that Defendant required the Consulting Agreement for tax deduction purposes and partial payment for the purchase of the rights to the patent and intellectual property. The Agreement restricted Plaintiff Denzine from competing with Defendant with respect to the Microcor Technology, which was the subject of the Purchase Agreement.

The First Amended Complaint alleges that Defendant breached the 2005 Agreement when it failed to pay consulting fees and the fees from the last quarter of 2004 owed under the contract. As a result of the breach, Plaintiffs seek to accelerate the remaining payment on the Purchase Agreement totaling Fifty thousand dollars and the remaining consulting fees totaling Three Hundred Thousand dollars. In the alternative, Plaintiffs seek rescission of the contract with payment of Two Hundred Fifty-Eight Thousand One Hundred Twenty-Five dollars. Finally, Plaintiffs seek royalty payments allegedly concealed by Defendant.

Defendant filed its Motion to Dismiss, or in the Alternative, to Stay Proceedings Pending Arbitration alleging there is an arbitration clause contained in the Consulting Agreement requiring all disputes be submitted to non-binding arbitration prior to filing a suit. In addition, Defendant states the Consulting Agreement requires written notice, allowing up to thirty days for the alleged breaching party to rectify the breach. Defendant alleges no written notice was ever provided. Finally, there is no allegation that either party was fraudulently induced into agreeing to any provision of the Agreement.

## LAW AND ANALYSIS

It is a well-established rule that any doubts regarding arbitrability should be resolved in

favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983). In addition, the Supreme Court has held that the Federal Arbitration Act preempts state laws and policies regarding arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 10-11 (1984). The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. "The Supreme Court has interpreted this phrase to mean that only claims for fraudulent inducement of the arbitration clause itself may be heard by a court." *Prima Paint Corp. v. Flood & Conklin Mfg.*, 388 U.S. 395, 403-404 (1967).

If a court determines the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete. 9 U.S.C. §3. When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626 (1985). Courts must examine the language of the contract in light of the strong federal policy in favor of arbitration. *Id.* Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id.* Under the statute, a district court must make a number of threshold determinations before compelling arbitration: when considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *See Compuserve, Inc. v. Vigny Int'l Finance, Ltd.*, 760 F.Supp. 1273, 1278 (S.D.Ohio 1990).

*Under the* Compuserve *analysis, the Court finds the parties did agree to arbitrate, as the Consulting Agreement specifically states at Section 6.3:*

> *the parties agree to engage in reasonable efforts to resolve any claim, dispute or other matter in question arising out of or related to this Agreement. If not resolved such claim, dispute, or matter, shall be submitted to non-binding dispute resolution under such rules as the parties agree (or if no agreement is reached, under applicable rules of the American Arbitration Association) for a determination of liability and determination of a remedy. Subsequent to the arbitration award, either party may then commence an action with respect to the subject matter arbitrated...*

*The Purchase Agreement does not contain an arbitration clause, however, in Section 9.2 of the Purchase Agreement it states,*

> <u>*Entire Agreement*</u>*. This Agreement, together with the Exhibits and other writings referred to herein and delivered hereto, constitutes the entire agreement between the parties hereto with respect to the subject matter hereof and supercedes all prior agreements and understandings, both written and oral, between the parties with respect to the subject matter hereof...*

*Under Article V(d) of the Purchase Agreement it states, "Seller Denzine shall execute a consulting agreement substantially in the form attached herein as Exhibit D." Therefore, the Consulting Agreement is an Exhibit specifically referred to in Section 9.2 of the Purchase Agreement and is considered a part of the entire Agreement. Necessarily then, the arbitration clause of the Consulting Agreement applies to the entire Purchase Agreement. In fact, Plaintiff's complaint alleges the breach occurred in Defendants failure to pay the consulting fees owed under the Consulting Agreement, and warrants the recision of the entire agreement, including the Purchase Agreement. Thus, Plaintiffs' own First Amended Complaint alleges breach of the Consulting Agreement constitutes breach of the entire Purchase Agreement, a reading entirely consistent with this Court's interpretation of the Purchase Agreement.*

*Plaintiff argues the arbitration clause is non-binding and is, therefore, unenforceable pursuant to* Schaefer v. Allstate Ins. Co., *63 Ohio St. 3d 708, 711 (1992). In* Schaefer, *the Ohio*

Supreme Court held, non-binding arbitration clauses are unenforceable. However, the Court finds that the arbitration clause in this case is governed by the Federal Arbitration Act as it involves commerce. The United States Supreme Court has held the FAA applies to nearly all contracts except transportation worker employment contracts. See *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121 (2001). As the claims involve the purchase of patent rights and intellectual property, the Court is satisfied the claims involve commerce and therefore, invoke the preemption of the FAA over state law. Furthermore, "an arbitration agreement can call for binding or non-binding arbitration. A party waives its right to pursue a claim in court only by agreeing to binding arbitration." *See In re Federated Dept. Stores, Inc.*, 328 F.3d 829, 831 (6th Cir.2003)

Under the *Compuserve* analysis, this Court finds the parties intended to arbitrate the dispute per the express language of the arbitration clause. The scope of the arbitration clause necessarily encompasses the claims of the First Amended Complaint. Finally, the entire action should be stayed, as all claims are within the subject matter contemplated by the arbitration clause.

## CONCLUSION

The Court finds the parties intended to arbitrate any dispute as evidenced by the plain language of the arbitration clause and therefore, grants Defendant's Motion to Stay Pending Arbitration. The Court denies Defendant's Motion to Dismiss. As a result, the claims before this Court must be arbitrated in accordance with the terms of the contract agreed upon by the parties. Pursuant to the Federal Arbitration Act, this Court orders that all claims in this case are stayed pending arbitration. The parties are ordered to complete arbitration no later than June 30, 2006. After completion of the arbitration the parties shall notify the Court in writing that the arbitration

has been completed.

    IT IS SO ORDERED.

_3/21/06_  
Date

_Christopher A. Boyko_  
CHRISTOPHER A. BOYKO  
United States District Judge